**NOT FOR PUBLICATION**

# FILED

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN AVILA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>KIEWIT CORPORATION, a Delaware corporation,<br><br>Defendant-Appellant,<br><br> and<br><br>DOES, 1 through 10, inclusive,<br><br>Defendant. | No.    19-56300<br><br>D.C. No. 2:19-cv-01295-PJW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

Argued and Submitted December 13, 2019
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: N.R. SMITH and WATFORD, Circuit Judges, and KORMAN,** District Judge.

Kiewit Corporation appeals the district court's Order remanding this case to state court. We have jurisdiction under 28 U.S.C. § 1453(c), and we reverse.

A remand order in a CAFA case is reviewed de novo. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019). "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). In class action cases, the amount in controversy threshold for removal is $5 million. 28 U.S.C. § 1332(d)(2). Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart*, 574 U.S. at 84 (citing 28 U.S.C. § 1446(c)(2)(A)).

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Arias*, 936 F.3d at 927 (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)). And because "the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover[,] [a]n assertion that the amount in controversy

---

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

2

exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be less than the requisite . . . amount." *Id.* (cleaned up).

In this case, Plaintiff Avila's Complaint does not state the amount in controversy. Kiewit sought removal, estimating that just four of the seven causes of action (exclusive of attorney's fees) were potentially worth upwards of $37 million—far more than the $5 million threshold. Because Avila contests the amount in controversy, "removal . . . is proper" only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the $5 million jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B); *see also Dart*, 574 U.S. at 88.

Kiewit "bears the burden to show by a preponderance of the evidence" that its estimate "is a reasonable one" and meets the amount in controversy jurisdictional threshold. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Such evidence can include declarations like those used by Kiewit in this case. *See id.* Additionally, though "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions," *id.*, unproven "assumptions [can be] made part of the defendant's chain of

3

reasoning" so long as they "have 'some reasonable ground underlying them,'" *Arias*, 936 F.3d at 927 (quoting *Ibarra*, 775 F.3d at 1199).

In its four-page Order remanding the case, the district court determined that Kiewit "ha[d] not met its burden" in establishing the amount in controversy. The district court concluded that the language of the Complaint "runs contrary to Defendant's assumption that all class members suffered at least one violation and is enough to defeat removal under CAFA." However, the qualifying language in the Complaint that the district court quoted in support of this conclusion—"frequently" and "regularly, but not always"—refers to the *frequency* of the alleged violations, not whether each member of the class was at one time or another subjected to the alleged violations. Based on the language of the Complaint, Kiewit reasonably could have assumed that each of the class members suffered the violations alleged.

Moreover, we conclude that Kiewit has carried its burden to show that its assumptions in calculating the amount in controversy are "reasonable," because they are sufficiently grounded in the allegations of the Complaint and the evidence provided. For example, Kiewit's conservative estimate (related only to the overtime compensation claim) is grounded in the declaration it provided, tied directly to Avila's broad allegations in the Complaint, and easily surpasses the $5

4

million jurisdictional threshold.  Therefore, we reverse the district court's Order of removal, and hold that the district court has jurisdiction over this case.

**REVERSED.**